## Case No. 15,066.

### UNITED STATES v. The EXPRESS.

### SAME v. TWO HUNDRED AND FORTY BUNDLES OF CIGARS.

[21 Law Rep. 41.]

District Court, S. D. New York. 1858.

CUSTOMS DUTIES — DISCHARGE OF GOODS — MANIFEST—POST ENTRY.

Discharge of cargo into lighters not an unloading under the statute. After such discharge, by general order, consignee should be allowed to make a post entry of goods not on the manifest.

Proceedings to forfeit vessels and cigars on the ground that the cigars, exceeding $400 in value, were unloaded from the vessel without any permit from the collector, contrary to the fiftieth section of the collection act of March 2, 1799 [1 Stat. 665]. The facts were, that when the vessel arrived she was detained at quarantine, and her cargo was ordered to be discharged into lighters—some cigars under special permit, and the rest of the cargo under a general order. All the cargo of the vessel was thus discharged from the Express into lighters, under the inspection of custom house officers, and brought to this city; but before it was landed, the consignees. discovering that the cigars in question were not upon the manifest, applied to the collector to make a post entry of them.

Held, that upon the facts in evidence the act of removing the cargo into lighters was not an unloading and delivery of them from the barque, coming reasonably within the purview of the prohibition of the statute (1 Stat. 665, § 50), the separation from the vessel not taking them from her charge and control (U. S. v. Smith [Case No. 16,343]). That what was done in respect to these cigars, fairly falls within the scope of the authorization of the general order issued to the consignee. The informations dismissed, and vessel and cigars ordered to be discharged.